IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **DENISE MARKS, INDEPENDENT EXECUTRIX OF THE ESTATE OF ARTHUR WILLIAM DOTY, DECEASED,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AMERIMAINTENANCE SYSTEMS, LLC D/B/A AMERICAN MAINTENANCE SYSTEMS AMS,**<br><br>**Defendant.** | 6:22-cv-00518-ADA |

**MEMORANDUM OPINION & ORDER DENYING DEFENDANT AMERIMAINTENANCE SYSTEMS, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND LIFTING STAY**

The Defendant AmeriMaintenance Systems, LLC ("AMC") moved to dismiss the First Amended Complaint for Patent Infringement filed by Plaintiff Denise Marks, Independent Executrix of the Estate of Arthur W. Doty, Deceased for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 12 (the "Motion"). The parties dispute whether Mr. Doty assigned the rights, title, and interest to the Asserted Patents to AMS before his death or whether the parties only agreed that a transfer of some patent rights should occur in the future but had yet to agree on the nature and scope of that transfer. After careful consideration, the Court **DENIES** AmeriMaintenance Systems, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**I. BACKGROUND**

The plaintiff in this case, Denise Marks, is the surviving fiancé and executrix of Arthur W. Doty. She is suing AMS, which is the company created by the deceased and his ex-wife, Brenda

1

Doty, for Patent Infringement. Whether Plaintiff Denise Marks ("Marks") has subject matter jurisdiction comes down to contract interpretation and whether she, as Independent Executrix of the Estate of Arthur W. Doty, has an exclusionary right in the patents she asserts have been infringed. The patents in question are U.S. Patent Nos. 9,321,088 ("the '088 Patent), 8,584,296 ("the '296 Patent"), 9,079,301 ("the '301 Patent), and 8,870,161 ("the '161 Patent") (collectively, "the Asserted Patents"). See ECF No. 2 at 1.

AMS was a family-owned business established by Arthur William Doty and his ex-wife, Brenda Doty (collectively, "the Dotys"). ECF No. 12 at 2. For several years, AmeriMaintenance Systems operated as a general partnership. *Id.* In 2015, the Doty's formalized their business relationship, creating AMS, a limited liability company("LLC"). *Id.* When AMS was created, the Dotys executed a Company Agreement to regulate the company's affairs, conduct the company's business, and establish the relations of its members. *Id.;* ECF No. 12-1. The Company Agreement called for the former general partners (the Dotys) to transfer all assets of the former partnership into the newly formed entity, AMS, "including by not limited to all . . . trademarks, exclusive license to patents, proprietary information . . ." ECF No. 12-1. A Transfer Agreement was created, though the parties dispute whether it successfully transferred any interest in the Asserted Patents.

On May 23, 2022, Marks, who was the fiancé of Mr. Doty at the time of his death, in her capacity as the executrix of Arthur William Doty's estate, filed an amended complaint alleging AMS infringed on the Asserted Patents. ECF No. 2. On September 28, 2022, Defendant, AMS, filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction due to standing. *See* ECF 12. Marks responded on October 26, 2022. ECF No. 18. Defendant replied on November 2, 2022. ECF No. 19. Defendant provided supplemental evidence on January 30, 2023. ECF No. 21.

## II. LEGAL STANDARD

Per Federal Rule of Civil Procedure 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The plaintiff bears the ultimate burden of proving subject matter jurisdiction by a preponderance of the evidence. *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, 354 F. Supp. 3d 375, 380 (S.D.N.Y. 2018). When assessing jurisdiction, the district court accepts the plaintiff's allegations in the complaint as true and may resolve undisputed facts. *Jones v. Gonzales*, No. MO-12-CV-00005, 2013 WL 12130358, at *3 (W.D. Tex. Feb. 28, 2013), report and recommendation adopted, No. MO-12-CV-005, 2013 WL 12131200 (W.D. Tex. Mar. 20, 2013). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief. *Id*.

Although state law governs the interpretation of contracts generally, the question of whether a patent assignment clause creates an automatic assignment or merely an obligation to assign is intimately bound up with the question of standing in patent cases. *Abraxis Bioscience, Inc. v. Navinta LLC,* 625 F.3d 1359, 1364 (Fed. Cir. 2010). A court may exercise jurisdiction only if a plaintiff has the standing to sue on the date it files suit. *Id.*

The touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury. *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010). Without exclusionary rights, a party suing for infringement

has not suffered a constitutional injury and, therefore, does not have the standing to sue. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). The plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit to assert standing. *Abraxis,* 625 F.3d at 1364.

Any transfer of rights in a patent, patent application, or any interest therein must be assigned by an instrument in writing. 35 U.S.C.A. § 261. Whether an assignment of patent rights in an agreement is automatic or merely a promise to assign depends on the contractual language itself. *Abraxis,* 625 F.3d at 1364. Federal courts have held that the contract language "agree to assign" reflects a mere promise to assign rights in the future, not an immediate transfer of expectant interests. *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841 (Fed. Cir. 2009), aff'd, 563 U.S. 776, 131 S. Ct. 2188, 180 L. Ed. 2d 1 (2011). If a contract is determined to be ambiguous, only then may the court accept and consider subjective interpretations of the contract at issue by the parties. *EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-00206-ADA, 2021 WL 4483400 (W.D. Tex. Sept. 30, 2021). Additionally, it is settled law that where an agreement contains general and specific provisions that conflict, "the provision directed to a particular matter controls over the provision which is general in its terms." *L.W. Matteson, Inc. v. United States*, 61 Fed. Cl. 296, 307 (2004).

### III. ANALYSIS

#### A. Subject Matter Jurisdiction, Constitutional Standing & Exclusionary Right

Defendant asserts that Arthur Doty conveyed all of the former partnership's assets, including the Alleged Patent, to AMS in 2015. Thus, neither Marks nor the Decedent's Estate owns an exclusionary right in the Asserted Patents. ECF No. 12 at 1. Without exclusionary rights, the Plaintiff has no standing to sue. The plaintiff, Marks, claims that the Asserted Patents are owned by Arthur Doty's estate and were never conveyed to AMS. ECF No. 2 ¶ 1.

In order for the plaintiff, Marks, to overcome this motion for dismissal due to lack of subject matter jurisdiction, she must prove subject matter jurisdiction by a preponderance of the evidence. *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, 354 F. Supp. 3d 375, 380 (S.D.N.Y. 2018). This requires her to show, by a preponderance of the evidence, that she has an exclusionary right to the Asserted Patents. *See WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010).

### B. Patent Assignment & Contract Interpretation

The parties' dispute centers around whether the transfer of rights in the Asserted patent occurred when the former partnership's assets were transferred to AMS. Any transfer of rights in a patent, patent application, or any interest therein must be assigned by an instrument in writing. 35 U.S.C.A. § 261. The parties provided two relevant writings to try and establish ownership of the Asserted Patents, including the AMS Company Agreement and a Transfer Agreement. *See* ECF No. 12-1; ECF No. 12-2.

#### 1. <u>Disputed Language</u>

Both the Company Agreement and Transfer Agreement contain general provisions that appear to "agree to assign." However, both parties agree that the key language is in Exhibit A of the Transfer Agreement. In the Defendant's Reply in support of its Motion to Dismiss, Defendant affirmatively disavowed all other sections by stating, "Marks argues that neither the recital in the Transfer Agreement nor Exhibit A to the Transfer Agreement contain a valid assignment clause and therefore cannot operate to transfer the Acquired Assets to AMS. However, AMS has never argued either of those provisions contains the operative language assigning the Dotys' interests in the Asserted Patents. Indeed, **AMS only refers to the recital and Exhibit A of the Transfer**

**Agreement to provide the definition of the "Acquired Assets."**" (Emphasis added). ECF No. 19 at 1–2.

Defendant asserts that the language assigning the Asserted Patents is contained in the recital on Paragraph 1 of the Transfer Agreement, which states: "[Doty] hereby conveys, transfers, assigns, licenses and delivers to Company all of the Acquired Assets subject to any existing encumbrances." ECF No. 12-2. Exhibit A of the Transfer Agreement, which is incorporated into the Company Agreement, lists all the Acquired Assets. The list includes: "Registered or Pending Patents for the "Bleeder Valve Cleaning Apparatus" and "Safety Wedge" [**The parties agree to rely on the advice of Patent/Trademark Attorney, Antony P. Ng. to determine if the transfer is best accomplished by assignment** or transfer of the registered mark or **by an exclusive licensing agreement** benefiting the Company]" (emphasis added). ECF No. 12-2. This language, in its plain meaning, makes it clear that how the transfer was to occur was yet to be determined, thus implying that the transfer for the Asserted patents was to take place at some point in the future. This language is what the court often refers to as "agree to assign" or "will be assigned" language. *See Allergan, Inc. v. Teva Pharm. USA, Inc.*, No. 2:15-CV-1455-WCB, 2017 WL 11572810, at *9 (E.D. Tex. Aug. 3, 2017). Where an agreement contains general and specific provisions that conflict, "the provision directed to a particular matter controls over the provision which is general in its terms." *L.W. Matteson, Inc. v. United States*, 61 Fed. Cl. 296, 307 (2004). Thus, this "agree to assign" provision leads the court to the conclusion that no transfer of rights in the Asserted Patent occurred.

    2.    <u>Plain Meaning and the Parole Evidence Rule</u>

        a.    **Defendant's Argument Against Plain Language of Exhibit B**

In an attempt to combat this plain language, Defendant states that a "registered mark" is a technical term that applies only to trademarks and that "Marks' attempt to read this provision on

6

the Asserted Patents is fundamentally flawed and must fail." ECF No. 19 at 2–3. However, the definition of "registered mark" in the context of this sentence is irrelevant to the argument because it is simply a term cherry-picked from the larger context of the sentence. The plain language of the Transfer Agreement makes clear that the parties were debating the best method for transferring rights. The jargon used to explain the options in consideration does not change the fact that this is "will be assigned" language, which is insufficient to convey patent rights. *Allergan*, No. 2:15-cv-1455-wcb, 2017 WL 11572810 at *9. ("In several cases, the court has determined that "agree to assign" or "will be assigned" language is not sufficient to effect a present assignment").

Additionally, Defendant tries to correlate the language in the Transfer Agreement and the language used to convey patents in *Dow Chemical Co. v. Nova Chems. Corp.* to support Defendant's claim. 458 F. App'x 910, 914 (Fed. Cir. 2012). The language of the agreement in *Dow Chemical*, does closely mirror the general provision language in AMS's Transfer Agreement. *Id.* at 913; *see* ECF No. 19 at 3. However, the facts here are distinguishable because the general language in AMS's agreement references Exhibit A. Exhibit A contains specific "will be assigned" language. Specific language in a contract controls over general language, and where specific and general provisions conflict, the specific provision ordinarily qualifies the meaning of the general one. *Dow Chem. Co,* 458 Fed. Appx. at 914. This specific provision qualifies the meaning of the general conveyance language used in the Transfer Agreement. It clearly shows that the method of how the transfer was to occur has not been determined. Thus, the transfer of the Asserted Patents did not occur.

### b.     The Interest Valuation

The Defendant provided supplemental evidence, a valuation for Mr. Doty's interest in AMS, that Marks had prepared after Mr. Doty's passing. ECF No. 21. Defendant argues that

including the patents as company assets is "an admission about Ms. Marks's lack of standing to assert the patents." ECF 20 at 2. However, an interest valuation is not a transfer of interests, and neither party has provided any additional conveying document to show that the transfer did definitively occur before Mr. Doty's death. Only if a contract is ambiguous may the court accept and consider subjective interpretations of the contract at issue by the parties. *EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-00206-ADA, 2021 WL 4483400 (W.D. Tex. Sept. 30, 2021). Therefore, the interest valuation document is irrelevant to the issue at hand because it doesn't address the plain language of the Transfer Agreement and Exhibit A of the Transfer Agreement. Additionally, at his death, Arthur Doty was the recorded and exclusive owner of the Asserted Patents with the United States Patent and Trademark Office.

Considering all facts and evidence presented to the court, Marks has met the burden of proving standing by showing by a preponderance of the evidence that Marks, as the successor in interest to Mr. Doty's estate, has an exclusionary right to the Asserted Patent.

### IV. CONCLUSION

It is therefore **ORDERED** that Defendant AmeriMaintenance Systems, LLC's motion to dismiss the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff Denise Marks, Independent Executrix of the Estate of Arthur W. Doty, Deceased for lack of subject matter jurisdiction is **DENIED**. It is further **ORDERED** that the stay currently in place is lifted and parties are **DIRECTED** to file a scheduling order or status update within 5 business days of the entry of this order.

**IT IS SO ORDERED. SIGNED** this 5th day of February, 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE